## Case No. 2,132.

### BULLOCK PRINTING PRESS CO. v. JONES et al.

[3 Ban. & A. 195;[2] 13 O. G. 124.]

Circuit Court, S. D. New York. Jan. 17, 1878.

PATENTS—PRINTING MACHINES — ANTICIPATION — INFRINGEMENT—INJUNCTION—ACCOUNTING.

1. The invention described in the specification of complainant's patent for an improvement in printing machines, being for the employment of a yielding sheath in two strips, pressing outward, one on each side of a fixed knife in a revolving cylinder, for two purposes; one to hold the paper firmly against the edges of the groove for the knife in the opposite cylinder while the knife severs it, the other to hold the end of the web till it is taken by other machinery and drawn along for the next operation; and the ninth claim of the patent being for the combination of the sheath with the fixed knife in the same cylinder: Held, not anticipated by a combination composed of a springing knife, with a sheath in the same or opposite cylinder.

2. The rules of law applicable to the test of the originality and priority of an invention, considered.

3. The prior knowledge and use of the invention by others which will invalidate a patent, explained.

4. After suit brought, the defendants stopped using the infringing device, but did not dis-

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]

[2] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

claim the right to it: Held, not a reason why a decree for an injunction should not be granted.

5. Where the proofs at the final hearing showed that there can have been no profits from the infringement, and it does not appear whether or not complainant suffered damage therefrom: Held, not a reason why a decree for an account should not be granted.

[In equity. Bill by the Bullock Printing Press Company against George Jones, as treasurer of the New York Times, and others, to restrain infringement of a patent (No. 38,200, which was granted to Bullock, Adams, and Selden, April 14, 1863), and for other relief. There was a decree for complainant for an injunction and an account.]

B. F. Lee and F. C. Bowman, for complainant.

Charles F. Blake, for defendants.

WHEELER, District Judge. Upon hearing this cause on bill, answer, replication, proof and argument of counsel, it appears that the orator is the owner of patent No. 38,200, dated April 14th, 1863, issued to William Bullock, Calvin Adams and George S. Selden, for an improvement in printing machines alleged to have been invented by Bullock. The foundation of the claim for relief in this suit is that part of the patent embraced in the ninth claim, and the corresponding part of the specification. The defendants resist the claim for relief on the ground that this part of the patent is invalid for the reason that, as they claim, Bullock is not the original and first inventor, and also for that, according to the construction of the patent they insist upon, they have not infringed upon it.

They set up in their answer, in support of their claim of prior knowledge and use by others, an English patent to one Cowper in 1828, a description of which was deposited in the Astor Library in New York; a patent to one Beaumont in 1853; to one Beach in 1857; to Hoe, in 1859; and prior knowledge and use by Hoe and one Tucker. They have also put in evidence a provisional specification for a patent filed by one Green in 1853.

The specification in Beach's patent describes some devices as being such as may be used—which are more like those in the orator's patent in this respect than any of the others except Tucker's and have been principally relied upon in the argument, with Tucker's, to show that Bullock was not the original and first inventor of this contrivance. This part of the orator's patent is for the employment of a yielding sheath in two strips, pressing outward, one on each side of a fixed knife in a revolving cylinder, for two purposes; one to hold the paper firmly against the edges of the groove for the knife in the opposite cylinder while the knife severs it, the other to hold the end of the web till it is taken by other machinery and drawn along for the next operation. Beaumont's

patent was for a knife moved by a lever and cam outward. Beach's was for an improvement on Beaumont's in respect to the method of moving the knife, and mentions such strips as compose this sheath in connection with an outward moving, but not with a fixed knife.

This patent is really for the combination of the sheath with the fixed knife in the same cylinder. The other combination is of a springing knife, with a sheath in the same or opposite cylinder, and is essentially different.

The prior knowledge and use by Hoe and Tucker were the same, and rest upon the testimony of Tucker, not, however, in my wise controverted. Nor is it disputed that the device put together by them, as stated in his testimony, was substantially the same as that invented by Bullock. Nor is it claimed upon any evidence that Bullock in any way learned of this device from Hoe or Tucker, or from their invention, nor that he is not an original inventor of it, believing himself to be the first inventor, but only that in fact he was not the first inventor. From the testimony of Tucker it appears that they made this device for a part of a machine to be called a "perfecting-press," which they never completed, and that they kept this part of it so far to themselves that they did not give it to the public, nor suffer them to acquire it under a patent or otherwise until long after Bullock's invention.

The statute on this subject as embodied in sections 4886 and 4920, Rev. St. U. S., would defeat the patent and orator's right of recovery, if the invention was known to or used by others in this country, or if Bullock is not only an original, but also the first inventor of it.

In Gayler v. Wilder, 10 How. [51 U. S.] 492, Taney, C. J., delivering the opinion of the majority of the court upon the effect of these statute provisions in connection with others bearing upon their construction, said that "by knowledge and use the legislature meant knowledge and use existing in a manner accessible to the public." That when the means of obtaining the knowledge would not be within their reach, as far as other interest was concerned, it would be the same as if the improvement had never been discovered. And when an inventor by the efforts of his own genius brings an invention to them, and places it in their possession, the law regards him as the original and first inventor, and protects his patent, although the improvement had been invented before and used by others. Upon this construction of the law, Bullock, although not literally the first, is in law the first inventor of this improvement, and the knowledge and use of it by Hoe and Tucker, as stated, do not invalidate the patent.

It further appears, that when this suit was brought the defendants were using a yielding sheath composed of strips, one on each side of the knife, as described in the orator's patent, but not grippers to seize and conduct forward the end of the web. The patent, as to this part of it, is for a new combination and arrangement of known parts, and not for any of the parts by themselves. If the true construction of the language of the patent is, that the grippers are a part of the combination patented, as has been urged for the defendants, the combination used by them may be so different from that patented in the orator's patent that the use by the defendants is not an infringement. But the grippers are not mentioned in the claim as any part of the device for which the patent was claimed. They are referred to in describing one of the purposes of the invention, but not as a part of the invention itself. It is not considered that this reference to them included them in the combination patented. So it appears that the defendants were using the device patented, and infringing the patent. After the suit was brought they stopped using it, and commenced using something else, according to the testimony, of equal advantage to them. It is suggested that because they have stopped using it there should be no decree for an injunction, and that there can have been no profits, and for that reason there is no occasion for an account. But the defendants have not disclaimed the right to use the invention, nor does it appear that the use which was an infringement may not have occasioned damage to the orator, although not advantageous to the defendants, and besides, there may be other evidence as to profits on an accounting. It is ordered, hereupon, that a decree be entered for an injunction and account, with costs to the orator.